IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Saul Robles, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 08551 |
| | ) | |
| vs. | ) | |
| | ) | |
| Nexstar Media Group, Inc., et al. | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, the court allows plaintiff's amended complaint [20] filed pursuant to Fed. R. Civ. P. 15(a)(1)(B) and naming Murphy as a defendant to stand. Because this amendment destroys subject matter jurisdiction, plaintiff's motion [17] to remand is granted. This case is remanded to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(e).

**STATEMENT-OPINION**

Plaintiff, Saul Robles, a citizen of Illinois, initially brought this action in the Circuit Court of Cook County, Illinois against defendant Nexstar Media Group, Inc. ("Nexstar"), a Delaware corporation with its principal place of business in Texas. Nexstar removed [1] the case to federal court based on diversity of citizenship jurisdiction (28 U.S.C. § 1332(a)(1)) asserting that, based on a settlement demand, the amount in controversy exceeds $75,000. The case was then transferred here [11] from the Eastern Division of the Northern District of Illinois. On December 18, 2017, pursuant to Fed. R. Civ. P. 15(a)(1)(B), plaintiff filed an amended complaint [20] naming Mimi Murphy as an additional defendant. Murphy is a citizen of Illinois. Plaintiff moves [17] to remand the case to state court for lack of subject matter jurisdiction, because plaintiff and Murphy are both citizens of Illinois. Defendants oppose remand [21] arguing Murphy was fraudulently joined as a defendant simply to destroy diversity jurisdiction. Defendants contend plaintiff cannot state a claim against Murphy in state court.

Plaintiff's first amended complaint alleges Nexstar owns two television stations (WTVO and WQRF) and a website aligned with WTVO (mystateline.com) in Rockford, Illinois. Murphy is a journalist and nightly news anchor who works for defendant at WTVO. On July 12, 2017, during the WTVO on-air news report, Murphy reported: "Two Rockford brothers now face federal drug charges in Wisconsin. Samuel and Saul Robles were initially accused of possession of cocaine. Now a grand jury has indicted Samuel Robles for distribution as well. The alleged incident happened in February. Saul Robles is now facing a weapons violation. Authorities say

1

he had a loaded gun while involved in drug trafficking." This news segment included a picture of plaintiff. However, plaintiff was not the Saul Robles charged with possession of cocaine and a weapons violation. Plaintiff alleges he was defamed by Nexstar (Counts I & II) and Murphy (Count III) for their above described actions.

Defendants argue adding Murphy as a defendant was fraudulent joinder, and therefore, that she should be dismissed from this case with prejudice and the motion to remand should be denied, because plaintiff cannot state a cause of action against her. Defendants contend, supported by Murphy's declaration, that Murphy had nothing to do with the inclusion of plaintiff's picture in the telecast. Murphy only read the words of the report on the air. Defendants maintain the words she read were true. Someone named Saul Robles, in fact, was charged as described in the broadcast. Murphy did not even know plaintiff's photo appeared on the screen while she was reading the report.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When the joinder of the nondiverse party occurs via Rule 15(a), the court may "later invoke its authority under § 1447(e) to make the determination" whether to deny joinder or allow it and remand to state court." Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 762 (7th Cir. 2009) (citing, Mayes v. Rapoport, 198 F.3d 457 (4th Cir. 1999). "A plaintiff typically may choose its own forum, but may not join a nondiverse defendant simply to destroy diversity jurisdiction. The 'fraudulent joinder' doctrine, therefore, permits a district court considering removal to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Schur, 577 F.3d at 763 (internal quotation marks and citations omitted). "Fraudulent joinder is difficult to establish – a defendant must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." Id., at 764 (internal quotation marks and citations omitted.). The court "must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant. A defendant faces a heavy burden to demonstrate that the joinder is fraudulent." Id. (internal quotation marks and citations omitted.) "In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success." Id. "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." Id., at 758.

To state a defamation claim, under Illinois law, "a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages. A defamatory statement is a statement that harms a person's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with her or him." Green v. Rogers, 917 N.E.2d 450, 459 (Ill. 2009). A media defendant's publishing a picture of the plaintiff in conjunction with a story reporting the plaintiff had been arrested when it was not he, but someone with the same first and last name who instead had been

2

arrested, may be actionable as defamation in Illinois. Edwards v. Paddock Publications, Inc., 763 N.E.2d 328, 335 (Ill. App. 2001); see also, Grinston v. Cypress Media, LLC, No. 10-CV-0851-JPG-SCW, 2011 WL 833969 (S.D. Ill. Feb. 21. 2011) (Williams, M.J.), objection denied by, Grinston v. Cypress Media, LLC, No. 10-CV-0851-JPG-SCW, 2011 WL 825752 (S.D. Ill. Mar. 2, 2011) (Gilbert, J.) (photo of plaintiff positioned next to unfavorable news story about plaintiff's brother may be actionable as defamation).

In a defamation case involving a private individual against a media defendant, the media defendant's conduct is measured by a standard of ordinary negligence. Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc., 882 N.E.2d 1011, 1020 (Ill. 2008). "Under such a standard, plaintiff need only establish that defendant failed to act as a reasonably careful person would act under the same or similar circumstances." Edwards, 763 N.E.2d at 334. Illinois "unequivocally rejected a 'journalistic malpractice' standard under which negligence would be determined by a departure from the prevailing newspaper standards or custom and practice in a community." Id.

"The standard of review applied to fraudulent joinder is even weaker than that applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." Kasal v. Stryker Corp., No. 17-CV-1001-JPS, 2017 WL 4162312, * 2 (E.D. Wis. Sept. 9, 2017). The court looks only to determine whether the claims against the nondiverse defendant are "wholly insubstantial and frivolous." Id. (quotation marks and citation omitted).

Murphy admittedly spoke the words on-air which when coupled with the photo are alleged to have been the unprivileged publication of a false statement about plaintiff to a significant television audience which damaged him. Defendants argue Murphy cannot be liable to plaintiff because she did not know plaintiff's photo appeared on the screen, did not select the photo for use, and only read the news story someone else wrote. However, defendants do not provide any authority which holds as a matter of Illinois law that a reasonably careful person in Murphy's position would have acted as they claim she did under the circumstances. Even if defendants' representation that Murphy did nothing but read what she was given is taken as true, the court cannot say, based on what is before it at this early stage of the case, that a reasonably careful person would have done the same. She was reporting on-air to her television audience, while plaintiff's picture was being broadcast, that Saul Robles was accused of cocaine possession, facing a weapons violation, and that authorities said he had a loaded gun while involved in drug trafficking. The claim she defamed him in doing so is not "wholly insubstantial and frivolous."

Defendants use Murphy's declaration as their basis for arguing plaintiff has no reasonable possibility of success against Murphy, citing Faucett v. Ingersoll-Rand Mining & Machinery Co., 960 F.2d 653 (7th Cir. 1992) for the proposition that such a declaration is cognizable and can be dispositive in arguing fraudulent joinder. In Faucett, the plaintiff alleged a product liability claim against Ingersoll-Rand and a negligence claim against a repairman who was a nondiverse party. The repairman filed an affidavit "essentially stating" that he had "absolutely nothing to do with" the machine at issue. Id., at 655. The district court found he had been fraudulently joined solely to defeat diversity jurisdiction. Id., at 654. The repairman "was

3

later dismissed on summary judgment." Id. The Court of Appeals stated the district court correctly asserted jurisdiction over the case and that the uncontradicted affidavit was "sufficient to establish fraudulent joinder." Id., at 655.

As defendants implicitly acknowledge by their choice of language ("is cognizable and can be dispositive"), the filing of a declaration disclaiming responsibility, need not be considered dispositive. Here, Murphy did not have "absolutely nothing" to do with the broadcast. She spoke the words plaintiff claims, in conjunction with his picture, defamed him. Her declaration is distinguishable in this regard from the repairman's in Faucett. See, Kasal, 2017 WL 4162312 at * 4, n. 3 (finding Faucett inapposite where nondiverse defendant had some connection to machine that fell on plaintiff despite affidavit saying he was not responsible for its maintenance). Also, by the time the Court of Appeals reviewed the issue in Faucett, summary judgment had been granted in favor of the repairman meaning no evidence had been presented from which a factfinder could reasonably find him liable. This case is nowhere near that stage.

Defendants ask the court to dismiss Murphy with prejudice based on her declaration and thus preserve diversity. This, in effect, is asking for summary judgment for Murphy prior to any discovery taking place. This asks too much. It asks the court to resolve the issues of fact and law in favor of the defendants now but, at this point, the court must resolve those issues in plaintiff's favor. Schur, 577 F.3d at 764. Defendants have not shown that the claim against Murphy is "wholly insubstantial and frivolous.", Kasal, 2017 WL 4162312 at * 2.

For the foregoing reasons, the court allows plaintiff's amended complaint [20] filed pursuant to Fed. R. Civ. P. 15(a)(1)(B) and naming Murphy as a defendant to stand. Because this amendment destroys subject matter jurisdiction, plaintiff's motion [17] to remand is granted. This case is remanded to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(e).

Date: 2/15/2018                    ENTER:

*Philip G. Reinhard*
United States District court Judge

Electronic Notices. (LC)